## HIRAM CURTISS, Respondent, v. THEODORE P. HOWELL, Appellant.

*Construction of Contract—Fraud—Rescission—Evidence—Explanation.*

Under a contract to deliver a thousand tons of ground bark per year, for five years, the party has the whole of each year to deliver the one thousand tons for that year—that is, the promisor is entitled to the whole year in which to make the payment.

When, from the language of the contract, there can be no uncertainty as to its meaning, evidence is not admissible to explain the contract.

This action was brought by the Plaintiff to recover damages for the alleged breach by the Defendant of a contract in writing, dated April 20th, 1854, by which, as modified by another written agreement, dated February 10th, 1855, the Plaintiff agreed to sell and deliver to the Defendant one thousand tons of ground bark per year, well packed in sacks furnished by the Defendant, to be delivered in Newark, New Jersey, at the price of twelve dollars and fifty cents per ton, payable by the Defendant whenever twenty tons were delivered; the term of five years to commence upon the first day of September, 1854.

The contract was signed by the parties, and after the commencement of the term, and before June thereafter, the Plaintiff delivered to the Defendant thirty or forty tons of bark, which was paid for at the price specified in the contract. Upon the trial it appeared that, prior to the month of June, the Defendant repeatedly urged the Plaintiff to deliver portions of the bark, which the latter promised to do as rapidly as he found practicable, but the above quantity was all that was delivered.

In June the Defendant gave notice to the Plaintiff that he would not receive any more bark upon the contract, except what was already under way, claiming that the Plaintiff had broken the contract, by failing to deliver quantities of bark as required by the Defendant in his own business, and also upon the ground that

he had learned that Plaintiff had no means of fulfilling the contract.

Upon trial at Circuit the Defendant claimed that the true construction of the contract was that the Plaintiff was to deliver the bark at reasonable times, and in reasonable quantities during the year, as required in the Defendant's business; and for the purpose of showing that such was the construction, offered to prove that, at the time of entering into the contract, he was engaged in tanning leather at Newark; that he used ground bark, each year exceeding a thousand tons, in his business; that it was necessary to use the bark from time to time during the year; that these facts were known to the Plaintiff; that the Plaintiff promised to keep the Defendant supplied with bark, as required for his business, to the extent of a thousand tons during each year of the term.

This evidence was objected to by the Plaintiff as immaterial, and the objection was sustained, and the Defendant excepted.

The Defendant further offered to prove that, at the time of making the original contract, and also at the time the subsequent agreement modifying the same was made, the Plaintiff fraudulently and falsely represented to him that he was the owner of a large quantity of hemlock land, and that he had ample means of performing such contract, when in truth he was not the owner of any such land, but was insolvent, and that the Defendant was induced to enter into the contract with the Plaintiff by such fraudulent representations, and that he did not discover or learn of the fraud until a short time before his refusal to accept any more bark under the contract, for the purpose of showing a right to rescind the contract, and that he did rescind the contract upon this ground.

The evidence was objected to by the Plaintiff as immaterial, and rejected, and the Defendant's counsel excepted.

The Court charged the jury that the Plaintiff had the right to deliver the quantity to be furnished yearly, on any day in the year, and that he had until the last day in the year for the delivery of the entire quantity; to which the Defendant excepted.

The jury found a verdict for the Plaintiff, upon which judg-

ment was rendered, and after its affirmance by the General Term, the Defendant appealed to this Court.

*George G. Reynolds* for Respondent.

*George J. Emmett* for Appellant.

GROVER, J.—The. Judge upon trial held that by the true construction of the contract the Plaintiff had the entire year to deliver the thousand tons of bark required to be delivered per year, during five years.

In this I think he was correct. The undertaking of the Plaintiff was to " deliver one thousand tons of ground bark per year, for the term of five years, to commence on the first day of September next."

Had this undertaking been to pay a thousand dollars per year, for the term of five years, no one would have questioned the right of the promisor to the whole year in which to make the payment. The words " per year " are equivalent to the word " annually," and, to my mind, convey the same idea.

It is true that the word " per " may be understood as " during," but had the latter word been used, the meaning would have been the same.

The promise would have been performed by a delivery at any time before the expiration of the year. The clause providing that the price should be payable whenever twenty tons were delivered does not change or affect this construction.

Its only effect is to show that the Plaintiff was not bound to deliver the entire quantity at one time, nor to wait for his pay until the whole quantity was delivered, but to give him the right to deliver, from time to time during the year, and insist upon payment as often as he delivered twenty tons. It did not purport to give any right to the Defendant to insist upon the delivery of any portion in a manner different from the undertaking made by the Plaintiff.

Clauses are frequently found in contracts binding the creditor to receive partial payments from ·the debtor, before the time specified for payment of the debt, but it never has been claimed

that such clauses conferred any right upon the creditor to insist upon such payments being made.

It is clear that the evidence of a promise by the Plaintiff to deliver the bark from time to time during the year, as required by the Defendant in his business, made before the contract was reduced to writing and executed by the parties, was properly excluded.

This comes within the familiar rule that all previous verbal negotiations and understandings are merged in the writing, which is the only competent evidence of the contract between the parties.

When the meaning of the language used is uncertain, or the construction is doubtful, the former may be ascertained, or the latter determined, by proof of the extrinsic facts known to the parties in reference to which the contract was entered into—in other words, those whose duty it is to determine the rights and obligations of the parties to the contract, may be informed of all such extrinsic facts within the knowledge of the parties to the contract, at the time of making it, as will afford any aid in determining the sense in which its language was used by the parties, and the intention and purposes designed to be effected by such use.

But when no such doubt or uncertainty exists, there is no occasion to resort to such evidence. It then becomes immaterial. That is the present case. There is no doubt about the meaning of a promise to deliver a thousand tons of ground bark per year, for a term of five years, or its construction.

Evidence, therefore, of the business of the Plaintiff; of the quantity of bark used therein, or the times in the year when required for such use; of the amount of storage required therefor, etc., was immaterial.

The danger of injury, if exposed to rain or storms, was immaterial, and properly excluded on that ground.

The remaining question in the case is, whether the Defendant, for the purpose of showing his right to rescind the contract, had the right to prove that he was induced to enter into it by the false and fraudulent representations of the Plaintiff, that he had ample means to execute it; that he owned a large quantity of

bark lands, and, as I understand the effect of the offer, that he had ample pecuniary means to enable him to perform the contract, and ample responsibility to respond in damages for any breach, when in fact he owned no such lands, and was utterly insolvent.

It is a settled principle that a party induced to enter into a contract by the fraudulent representations of the other, upon any matter material to the benefits and advantages expected to be derived from the contract, has, upon discovery of the fraud, the right, if exercised promptly, of rescinding the contract, and thus of putting an end to his liability thereon.

The question whether the Plaintiff owned the land from which the bark was to be procured was not material, for it would be all the same to the Defendant had the Plaintiff obtained the bark, whether from his own land, or by purchase from others.

The pecuniary ability of the Plaintiff to respond for a breach on his part is of a different character. An executory contract for the purchase and delivery of property, extending over a period of years, is obviously of more value if made with a solvent than with an insolvent party.

In the former case, if the article rises in the market to an amount exceeding the contract price, the purchaser will receive either the property or damages compensating the loss sustained by the failure, while in the latter case he would have no certainty of either.

Fraudulent representations as to the solvency of the Plaintiff were made upon a point material to the benefits derivable from the contract, and, I think, would authorize the party to rescind the same, by acting promptly upon discovery.

It is not necessary to determine this question, for the reason that a party exercising this right must not only act promptly, but must restore to the other party what he has received under the contract.

The Defendant had received thirty or forty tons of bark, and paid for it. This he did not offer to restore, upon receiving back the price paid for it.

It is no answer to say that he could not, because the bark had been consumed. If this was so, the right of rescission no longer existed, for this is a right that can only be exercised by restoring all that has been received, and when the power to do this ceases the right is at an end.

The judgment appealed from must be affirmed.

Affirmed.

<div align="right">

JOEL TIFFANY,

State Reporter.