JOHN A. GRAY, RESPONDENT, v. SAMUEL W. GREEN, HENRY A. BURR AND GILBERT W. THOMAS, APPELLANTS.

*Absolute assignment of securities, given to be used as collateral to a loan — rights of party taking such assignment with knowledge of the facts.*

The plaintiff recovered a judgment upon a contract against the defendant Green for $71,979.23, from which judgment on appeal was taken and security given. Plaintiff, desiring to raise money, agreed with one Thomas that the latter should raise $15,000 for him, for three years, at ten per cent per annum, and gave to him his note for $19,500, due in three years, indorsing upon the back of it that the assignment of the contract and judgment were received, but held only as security for the payment of the note. The assignments of the contract and judgment were to be in the same form, but Thomas, by whose order they were made, procured them to be assigned directly and absolutely to him, he representing that he could effect a loan with a person named by him for the

required amount. This representation was false, and he never used the note or assignments to procure a loan from any person. Instead of so doing he. entered into an agreement with Green, and one of the sureties to the undertaking given on the appeal, by which he sold the judgment to them for $21,000, and satisfied it of record. Green and the surety had notice of the fact that Thomas was only authorized to pledge the contract and judgment for a loan of $15,000. This action was brought by the plaintiff to have the transaction declared usurious and void, and to have the assignment and satisfaction of the judgment set aside.

*Held,* that as no loan had, in fact, been made, the transaction could not be usurious.

That as plaintiff had failed to return the $15,000 he could not demand that the assignment and satisfaction be set aside on the ground of fraud; but that as Green and the surety knew that Thomas had no other authority than to make a loan of $15,000, and assign the contract and judgment as collateral thereto, they could only hold the contract and judgment as a security for a loan of that amount, and that plaintiff was entitled to redeem them on repaying to them that amount.

APPEAL from judgment in favor of the plaintiff, entered on the trial of this action at the Special Term.

*E. N. Dickerson,* for the appellants.

*Clarkson N. Potter,* for the respondent.

DANIELS, J. ;

On the 9th of April, 1874, the plaintiff recovered a judgment upon a contract against the defendant Green, for $71,979.23. Being in straitened circumstances he desired to obtain a loan of money on the security of the judgment and contract. For that purpose he employed the defendant Thomas, to act as his agent, and an understanding was ·formed between them, that Thomas should effect a loan of $15,000 for three years at ten per cent interest. For that purpose the plaintiff made and delivered to Thomas his note for the sum of $19,500, due in three years, and indorsed upon the back of it, a statement declaring that the assignment of the contract and judgment were received and held only as security for the payment of the note. The assignments themselves were intended to express the same thing, but as Thomas, to whose order the note was made payable, procured them to be drawn, they were made directly to him, and absolute in form.

He represented to the plaintiff that he could effect the loan from *a* person residing in Jersey City, at the rate of interest and for the period of time included. in their understanding. But as the facts were found upon evidence justifying the conclusion of the learned justice presiding at the trial, that representation was entirely unfounded. The defendant Thomas, had no arrangement with the person mentioned by him for the loan of the money, and no expectation or design of obtaining the money from him. And neither the note nor the assignment were in any form used in procuring a loan of money from the person referred to, or any other person. For that reason the conclusion that the transaction was a usurious one ought not to be sustained. There can be no usury where there is no loan.

The facts found by, and stated in the decision of, the learned justice, show that the defendant Thomas, entered into a negotiation with the other defendant's counsel for a sale of the judgment recovered by the plaintiff, to the defendant Burr, who was a surety for the defendant Green, upon an appeal taken from it to the General Term. And under the authority of the defendants Green and Burr, an agreement was made to pay the defendant Thomas, $21,000 for an absolute assignment of the contract and judgment, and a discharge of the judgment of record. And it was to carry out that agreement, that Thomas induced the plaintiff to make the note and execute the assignments delivered by him. The note was not required, and was not used for any other purpose than to afford a pretext for the acquisition of the assignments of the judgment and the contract. And the latter were made and delivered upon the supposition on the part of the plaintiff, created by the fraudulent representations of Thomas, that they were necessary and were only to be used by him in obtaining the contemplated loan of money. They were not so used, and no intention existed on the part of Thomas to use them in any form for the purpose of effecting a loan. But they were taken by him, and to himself to enable him to consummate the arrangement he had made to assign the contract and the judgment, and discharge the latter of record for the sum he was to receive from the defendant Burr, being $21,000. It was the plaintiff alone who expected a loan would be made upon the papers; neither Thomas, nor the other defendants,

nor their counsel intended any thing of that kind. Their design on the other hand was to obtain the absolute title to the judgment and contract, and the discharge of the judgment from the records. And it was to carry that into execution that the $21,000 was furnished and paid by the defendant Burr, to the defendant Thomas. For that consideration the latter assigned the contract and judgment and satisfied the judgment of record. And it was a portion of the money so received that Thomas paid over to the plaintiff.

That payment, it is true, was made as the loan the plaintiff proposed to make on the security of the assignment of the contract and judgment, at a usurious rate of interest, when in fact no such loan had been made or interest reserved. As to the nature and character of the transaction the plaintiff was fraudulently deceived throughout by the misrepresentations of Thomas, whom he had employed as his agent. The agreement between the plaintiff and his agent, it is true, was for a loan to be affected at an unlawful rate of interest; but the agent wholly failed to procure it at that or any other rate of interest. What he did was to take an absolute assignment of the contract and judgment to himself, and, then make a sale of them in his own name to Burr, for $21,000, fifteen of which he formally delivered to the plaintiff.

Even if it be assumed, as the learned justice presiding at the trial has found, the fact that the counsel acting for Burr, or that himself and Green, had reason to believe that Thomas was perpetrating a fraud upon the plaintiff in making the absolute assignments which he did, and discharging the judgment, that would not transform the transaction into the one the plaintiff intended it should be. But if it was characterized by bad faith on the part of the defendants Burr and Green, as it was found from the evidence to have been, they thereby became participants in and parties to the fraud committed by the defendant Thomas. And for that the plaintiff would be entitled to such redress as the law was able to afford him.

To avail himself of its remedies, he prosecuted his action in the form required for a rescission of the transaction, and for that purpose it was speedily instituted after the discovery of the imposition. But an insuperable obstacle in the way of maintaining it for that

relief arises out of the omission of the plaintiff, either to restore or to offer to restore the fruits of the fraudulent transaction. He could not hold and enjoy them, as it appears he did, and at the same time rescind what had been done to obtain the money. To the extent of the sum paid to him he had certainly been benefited by what had been done. And his own agent appropriated the residue of the money advanced. For that reason before he could rescind the transfer, and repossess himself of the contract and judgment, the law required him either to return, or offer to return what had been received by him from the other party to the transfer. He could not retain that, and in that manner benefit himself by the result of the fraud, and still repudiate the process through which it had been obtained.

This principle has become exceedingly well settled. (*Curtiss* v. *Howell*, 39 N. Y., 211, 215 ; *Cobb* v. *Hatfield*, 46 id., 533.) And as the plaintiff wholly failed to comply with what it required from him, he did not place himself in a condition to secure relief in that form, while the judgment awarded it to him. In that respect as well as the other, relating to the claim of usury, it was erroneous and cannot be sustained.

But it was found by the learned justice as a fact, that both the defendants Burr and Green, and the counsel acting for them, had knowledge that the defendant Thomas had been employed by the plaintiff only to procure a loan of $15,000 for him upon the judgment and contract. And the evidence was sufficient to warrant the belief that their counsel at least was aware of the existence of that fact. He represented these two defendants in the transaction, and notice of it to him was legally speaking notice to them. And with such knowledge they could not deal with the defendant Thomas, and still bind the plaintiff in any different manner than that in which they knew him to be empowered to act. To them, that was the utmost limit of the authority which Thomas had received for the disposition of the judgment, and the contract. And while it is true no loan was in fact made, yet, as the plaintiff received the sum of $15,000 from his agent Thomas, supposing it to be the loan he was to make, the transfer of the judgment and contract may equitably be sustained as a security in favor of Burr to that extent. Thomas was authorized to hypothecate them subject

to that restraint, but no farther. And so far as he endeavored to exceed this, in the formal disposition which was made, he acted without authority. And as the purchaser was chargeable with knowledge of that want of authority he can only be equitably protected to the extent to which the power of disposition had been given. And that can properly be done because of the advance made as the consideration of the assignment.

The amount paid was entirely inadequate as the price of the securities received. And that circumstance also will warrant the court upon the other facts found in converting the transfer into a redeemable security. (*Boyd* v. *Dunlap*, 1 Johns. Ch., 478; *Dunn* v. *Chambers*, 4 Barb., 376.)

The excess paid to the plaintiff's agent was beyond his authority to receive, and as the plaintiff had no benefit from it, but its payment was a fraud upon him, he should not be prejudiced by that portion of the transaction. As he intended only to effect a loan of $15,000 through the intervention of the defendant Thomas, and the other defendants were found to have had notice of that, and the plaintiff received no more than that, the transaction, though in form an absolute sale, can only be maintained as security for that amount of money. And to that extent it is just and equitable, that it should be sustained. For that reason the judgment should be so modified as to allow the plaintiff to redeem by the payment, within a reasonable time, to be for that purpose designated, of the $15,000 received by Thomas under his authority, and afterwards delivered to him, with interest from that time. And as no offer to redeem has been made by the plaintiff he should also be required to pay the costs of the defendants Burr and Green in this action.

DAVIS, P. J., concurred.

BRADY, J.:

I think if any money is to be restored the whole sum paid should be refunded, and not a part only; otherwise I concur.

Judgment modified as directed in opinion.