(37 Misc. Rep. 486.)

MOREL et al. v. STEARNS et al.

(Supreme Court, Appellate Term. March, 1902.)

1. SALES—SUFFICIENT DELIVERY—TIME—MEMORANDUM—CONSTRUCTION.

A memorandum between sellers of goods in France and purchasers in New York City, stipulating that the goods shall be "deliverable April and May, 1900," but not fixing the place of delivery, means only that the goods shall be in the port of New York during May at the latest, ready for delivery; and therefore, where the seller's local agents mail the purchasers a letter at 6:50 p. m. on May 29th, stating that the goods are on a steamship "which is due to-day or to-morrow," and asking for instructions as to place of delivery, and on account of Memorial Day the purchasers do not attend their place of business or receive the letter or reply to it until May 31st, and in their reply demand delivery at their place of business on May 31st, a delivery about noon on June 1st is in time.

2. LEGAL HOLIDAY—MEMORIAL DAY.

Memorial Day is a legal holiday, but not a dies non, and any business may be transacted during it, except such acts as are expressly excepted by statute.

3. JUDICIAL NOTICE—DUE COURSE OF THE MAILS.

The court will take judicial notice that a letter mailed in New York City at 6:50 p. m. on May 29th will be delivered in the due course of mails on the morning of May 30th.

Appeal from city court of New York, general term.

Action by Marie Joseph Ennomond Morel and others against John N. Stearns and others, composing the firm of John N. Stearns & Co. From a judgment entered on a verdict directed for defendants and affirmed by the general term of the city court of New York City (74 N. Y. Supp. 1138), plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Norwood & Dilley (Carlisle Norwood, of counsel), for appellants.

Hitchings, Palliser & Moen (Hector M. Hitchings, of counsel), for respondents.

GREENBAUM, J. This action is brought upon an alleged breach of a written contract for the sale and delivery of raw silks. A verdict was directed for the defendants by the trial judge, and from the affirmance of the judgment entered the plaintiffs appeal.

The facts are substantially conceded. The plaintiffs are silk merchants at Lyons, France, having New York agents, through whom the contract of sale was made in the city of New York with the defendants, who are silk manufacturers, having an office in New York City, with factories in Virginia. The contract of sale is in the nature of a memorandum, which fixes the price, terms of credit, character and quantities of the goods ordered, and with respect to the delivery contains the following phrase: "Deliverable April and May, 1900." In the performance of the contract a number of deliveries of silk had been made, and the practice, in all of these cases, was for the New York agents of the plaintiffs to notify the defendants by letter of the arrival or expected arrival of the lot of goods, and to ask for shipping instructions. In all the instances, excepting the one out of which this case arises, the answer of the defendants was to ship to one of their Virginia houses via the Old Dominion Line, and the goods were invariably delivered by the plaintiffs' agents, as directed by the defendants, to the Old Dominion docks in New York, the cartage charges being paid by the plaintiffs. The final shipment of silk under the contract consisted of six bales, of the value of upwards of $6,000; and on the evening of May 29, 1900, the plaintiffs' New York agents mailed a letter to the defendants stating that the six bales were on the "S. S. Trave, which is due to-day or tomorrow," and that they "should be pleased to receive shipping instructions for the same." May 30th was Memorial Day. The defendants testified that they received the letter of May 29th on the 31st, by mail, and on the same day (31st) replied to the letter of the plaintiffs' agents of the 29th by saying "that we want the six bales of Italian silk referred to delivered to us at 63 Greene St., to-day, May 31st. This letter was received by the plaintiffs' agents "by or before noon" of the 31st, and at about 3 p. m. of the 31st of May the plaintiffs' agents delivered to a firm of forwarding agents the necessary documents and instructions as to the delivery of the goods in question to the New York store of the defendants. On the morning of June 1st the common carriers took the goods off the dock at Hoboken, N. J., the landing-place of the steamship Trave, and delivered them at the New York store of the defendants at about 12 o'clock noon of that day. The price of raw silk had declined considerably in the market between February and May, 1900, and the defendants refused to accept delivery on the ground that the goods were not delivered on time. It is conceded by both parties to the controversy that a contract of

the nature described would require strict performance as to time of delivery on the part of the vendors. Defendants claimed that no delivery was made in accordance with the provisions of the contract and the course of dealings between the parties with respect to prior shipments under the same contract, and the trial judge, concurring in this view, directed a verdict in defendants' favor.

The court will take judicial notice of the fact that a letter, mailed in the city of New York at 6:50 p. m. on May 29th would be delivered, in the usual course of the mails, on the morning of May 30th. Livingston v. Spero, 18 Misc. Rep. 243, 41 N. Y. Supp. 606. Defendants not only did not attend at their place of business on May 30th, but they made no provisions for obtaining their mail on that day. Memorial Day is not a dies non. It is a legal holiday, but not placed on the same basis as Sunday by statute. "In the present state of the statutes," says the court of appeals in the recent decision in the case of Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356, "we are of the opinion that upon holidays other than Sunday all transactions may be carried on as on any other day," with the exception that negotiable instruments maturing on a holiday become payable on the day following, and that no business is to be transacted in public offices of the state and counties. To the same effect, see Walton v. Stafford, 162 N. Y. 559, 57 N. E. 92. Since the argument of this appeal the public holiday law has been amended (chapter 39, Laws 1902, passed Feb. 20, 1902). It is therefore apparent that defendants delayed 24 hours in acknowledging receipt of the letter of May 29th and in giving instructions to plaintiffs' agents as to where the goods were to be delivered.

The contract said nothing as to the place of delivery, and on the previous occasions the parties practically agreed upon the place of delivery after the arrival of the goods in port. The contract should be construed with respect to the situation of the parties and the character of the transaction. The plaintiffs were in France; the defendants were in New York. The goods were to be shipped from Europe to New York. What was the intention of the parties when they employed the words "deliverable April and May, 1900"? It is reasonable to hold that it was intended between the parties that the goods were to be in the New York port during the period limited in the contract, ready to be delivered in the city of New York by the plaintiffs, upon instructions from the defendants as to where delivery is to be made. The contract is silent as to place of delivery, and the course of dealings between the parties was such that the defendants would, after notification of the arrival of the goods, give directions as to the place of delivery, and plaintiffs had therefore delivered the goods at their own expense to the Old Dominion docks in the city of New York. In the case of the final shipment under the contract due notice of the arrival of the goods was given in accordance with the practice of the parties, and, within 24 hours after receipt of directions as to place of delivery the goods were actually delivered as requested. It may therefore be assumed that, had the defendants notified the plaintiffs' agent 24 hours sooner as to the place of delivery desired, the goods would even have been delivered on May 31st. Suppose

defendants had delayed instructions as to delivery until late in the afternoon of May 31st, could it be said in reason that the plaintiffs were nevertheless obliged to make an actual delivery before June 1st in accordance with the belated directions? We think not. The plaintiffs were required to exercise diligence in delivering the goods after defendants' instructions. There is no testimony that the plaintiffs failed to act with reasonable diligence after notification, and we are therefore of opinion that the plaintiffs duly performed their contract, and that the judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.