MOREL et al. v. STEARNS et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. DIRECTING VERDICT—CONFLICTING EVIDENCE.

    Where the evidence on the issues in a case is conflicting, it is error for the court to direct a verdict.

Appeal from City Court of New York, Trial Term.

Action by Marie J. E. Morel and others against John N. Stearns and others. From a judgment entered on a directed verdict in favor of plaintiffs, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Hector M. Hitchings, for appellants.

Carlisle Norwood, for respondents.

BISCHOFF, J. Nothing in the opinion of this court upon the former appeal (37 Misc. Rep. 486, 75 N. Y. Supp. 1082) justified the direction of a verdict for the plaintiffs upon the facts in evidence. The question whether the delivery was in time, under the contract between the parties, depended upon the terms of the agreement, construed in accordance with a course of dealing, and the earlier appeal, from a judgment upon a verdict directed for the defendants, involved the question whether the evidence sufficed to show the plaintiffs' performance in the matter of the delivery. The nature of the appeal—a verdict having been directed—presented a case to this court for determination upon evidence taken in the most favorable aspect to the appellants, and the discussion of the facts leading to a reversal proceeded, of course, on this theory. Whether the course of dealing justified this particular delivery, and whether the defendants' failure to facilitate the delivery in accordance with the course of dealing placed them in default, involved a question of fact, not of law, for the purposes of the trial; and it was for the jury to determine the intent of the parties, as gathered from their course of dealing, and to say whether the defendants' acts in the matter of response to the notice of arrival were or were not of a character to excuse the late delivery, under the true construction of the contract.

There was a conflict of facts upon the question of the receipt of notice by the defendants, as well as a conflict of inferences as to the intention of the parties touching the manner of deliveries, and the direction of a verdict over the appellants' request to submit the case to the jury was error.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.