(66 Misc. Rep. 160.)

## ILLINOIS SURETY CO. v. PAOLI.

(Supreme Court, Appellate Term. February 24, 1910.)

1. INSURANCE (§ 186*)—INDEMNITY INSURANCE—BOND—PREMIUM—WHEN DUE.

Where defendant applied to a surety company for an indemnity bond, agreeing to "pay the sum of $150 per annum" as a premium, and paid the first premium about the time the bond was issued, the annual premiums will be regarded as payable in advance, though there is no express provision of the contract to that effect.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 396; Dec. Dig. § 186.*]

2. INSURANCE (§ 235*)—CANCELLATION OF POLICY—EVIDENCE.

Where an application for indemnity insurance contained an agreement to pay a stated amount "per annum" as premium, the mere fact that a bill for a renewal premium sent to the insured 11 days before the expiration of the contract was returned by insured to the insurer with the word "canceled" written across the face of the bill was not sufficient evidence of cancellation of the policy to defeat an action for the renewal premium, brought after the commencement of the renewal term.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 507; Dec. Dig. § 235.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Illinois Surety Company against Allessandro Delli Paoli. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Giuseppe L. Maggio, for appellant.
Wray & Gallaghan, for respondent.

GUY, J. This is an appeal from a judgment rendered in favor of plaintiff by the court, without a jury, in an action to recover the annual premium on a bond, given by plaintiff pursuant to chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908, to the people of the state of New York, on behalf of defendant, who was engaged as a seller of steamship passage tickets and as a money forwarder. The application for the bond signed by the defendant, which plaintiff introduced in evidence, provides that the defendant shall "pay the sum of $150 per annum to the plaintiff as premium for said bond." It does not recite that the payment shall be in advance. No evidence was given as to the exact date of payment of the first

year's premium; but it is inferable from all the circumstances of the case that it was paid on or about the time of the issuance of the policy. The bond was dated August 19, 1908. On August 8, 1909, 11 days before the expiration of the year for which the first premium was paid, plaintiff sent to defendant bill for a renewal premium. This was returned by defendant to the plaintiff with the word "Canceled" written across the face of the bill. No other evidence was introduced of the cancellation of the bond. Plaintiff subsequently demanded payment of the premium, and, upon refusal, instituted this action. Plaintiff introduced the application, proved the issuance of the bond and the payment of the first year's premium, and rested. A motion was made by defendant for the dismissal of the complaint on the ground that plaintiff had failed to prove a cause of action, which motion was denied, with exception. Defendant then rested, and renewed his motion to dismiss on the same ground and on the additional ground that:

"The premiums were to be paid per annum—that means at the end of the year, not in advance, not at the inception of the year, but at the completion of the year—and therefore the action is prematurely brought."

The motion was then denied, and judgment rendered in favor of the plaintiff. Appellant relies mainly upon the contention that, as the premium was not due until the expiration of the year, the action was prematurely brought, and cites authorities, in cases dealing with leases of real property, to support this contention.

The very nature of the insurance business, however, negatives the presumption that by the words "per annum" it was intended to mean that the premiums should become due at the end of each year; and the payment of the first year's premium at or about the time of the issuance of the first policy is equally inconsistent with such a construction of the contract. The principle which underlies the insurance business is that the fund for the payment of losses occurring during the course of any given year shall be acquired by the insurance company from premiums paid in advance of such losses; and, while the obligation of the company is not limited or dependent upon the existence of a fund so acquired, the rates of insurance are established with such end in view, so that the capital of the insurance company, which is so jealously guarded and protected by the insurance laws of the state, shall not be impaired. The general character of the insurance business and the laws governing insurance companies in this state must be deemed to have been in contemplation of the parties in making the contract in suit. In the absence of any competent evidence of the cancellation of the contract of insurance, it continued in effect, and, immediately after the expiration of the first year, the second year's premium became due.

The court properly, therefore, directed judgment in favor of the plaintiff, and said judgment is affirmed, with costs.

WHITNEY, J., concurs.

SEABURY, J. (dissenting). The agreement upon which the defendant is sued provided that he would "pay the sum of $150 per

annum" as the premium for a bond furnished by the plaintiff. I think that the correct interpretation of this agreement is that the defendant had the whole year in which to make the payment. Curtiss v. Howell, 39 N. Y. 211, 213. As the present action was commenced before the amount sued for became due, the action was prematurely brought.

The judgment should be reversed, and the complaint dismissed, with costs.