C. BAHNSEN & Co., INC., Appellant, *v.* SAMUEL LEAF, Respondent.

First Department, December 15, 1922.

**Sales — action by seller for breach of contract — contract was for sale of cloth to be delivered " August /September /October " — seller had right to deliver at any time during period — refusal of buyer to accept part delivery in September was breach of contract.**

Under a contract of sale providing that delivery is to be made " August /September / October " the seller is not required to deliver a part of the goods in each month, and, therefore, though no delivery of any part of the goods was made in August, the refusal by the buyer to accept a part of the goods tendered in September constituted a breach of the contract.

APPEAL by the plaintiff, C. Bahnsen & Co., Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 1st day of December, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the defendant, entered in the office of the clerk of said court on the 20th day of May, 1921, upon a dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Saul S. Myers* [*Charles H. Tuttle* of counsel; *Carl E. Peterson* with him on the brief], for the appellant.

*A. Frank Cowen* of counsel, for the respondent.

GREENBAUM, J.:

The plaintiff, a jobber in woolens, solicited from defendant, a manufacturer of wearing apparel, an order for imported mohair lining.

The order, which was in writing, signed by both parties, called for twenty pieces of lining, each piece to contain from fifty to sixty yards. The order set forth that delivery was to be made " August /September /October."

The plaintiff made no delivery during August, and no demand for a delivery during that month was made. On September 8, 1920, it tendered eight pieces to the defendant, who refused them. This action was brought to recover damages for the defendant's refusal to accept delivery under the contract.

The trial court construed the phrase, " Delivery, August / September /October " to mean " Delivery, part during August, part during September, and the balance during October." We are of opinion that the learned trial justice erred. There is no

provision in the order for the delivery of the goods in installments. It is, therefore, impossible to say that the parties contemplated the delivery of some goods each month, since that would involve an arbitrary interpretation of the order, that plaintiff was bound to deliver at least one piece in August, one in September, and the balance in October.

It would be in harmony with the language used that it was intended to give the option to the plaintiff, as seller, to deliver the goods at any time during the three months mentioned.

To interpolate words in the contract, which are not necessarily implied from the language employed, would be the judicial making of a contract between the parties.

The courts have heretofore had occasion to interpret orders some of which provided for deliveries during three consecutive months, written in the manner here appearing, and others in which the conjunctive "and" was written between the second and third months.

Thus in *Crown Embroidery Works* v. *Gordon* (190 App. Div. 472) the order was for 10,000 yards of cloth to be delivered " in the months of June, July and August, 1918." This court said, per LAUGHLIN, J.: " There was no agreement to deliver a specified quantity in any month and there is no allegation with respect to when the deliveries were made, or to the effect that defendants were in default prior to the last day for deliveries, specified in the contract. It must be assumed, therefore, that defendants had until the last day of August to deliver the remainder. * * * The defendants had until the last day of August to perform."

In *Morel* v. *Stearns* (37 Misc. Rep. 486) the Appellate Term wrote concerning a contract for the sale of six bales of silk: " What was the intention of the parties when they employed the words ' deliverable — April & May, 1900? ' It is reasonable to hold that it was intended between the parties that the goods were to be in the New York port during the period limited in the contract."

That case came before the Appellate Term a second time (43 Misc. Rep. 639), and the late Mr. Justice SCOTT, writing for the court, said: " The contract called for delivery during April and May. * * * If the six bales should be tendered before the end of May the defendants would be bound to receive them."

In *Harman* v. *Washington Fuel Co.* (228 Ill. 298) the agreement provided for the furnishing of 5,000 to 7,000 tons of coal from June 1, 1902, to April 1, 1903, at one dollar and fifteen cents per net ton, f. o. b. cars at mine. In construing this agreement the court said: " The defendant had all of the time up to April 1, 1903, in which to furnish plaintiffs with the coal under the contract.

for 1¼ inch coal. The parties evidently contemplated delivery from time to time, since the contract provided that settlements should be made on or before the first of each month for the previous month's shipment, and shipments were actually begun in August, 1902, under the contract and were continued until the market price of coal rose above the contract price, and yet the agreement would have been complied with by a delivery of the coal at any time up to April 1, 1903."

It follows that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial directed, with costs and disbursements to appellant in all courts to abide the event.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Determination and judgment of the Municipal Court reversed and new trial ordered, with costs and disbursements to appellant in all courts to abide the event.