# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

---

### FREDRIK LARSSON v. AUGUSTANA COLONIZATION ASSOCIATION OF NORTH AMERICA, INC.[1]

February 16, 1923.

No. 23,089.

Salary contract construed.

> Plaintiff was employed for one full year and about seven months of the second year under a contract which provided that his compensation should be one-half of all commissions earned until such compensation amounted to $1,200 per year, and then one-tenth of the commissions earned until he had received $3,000. *Held* that he was entitled to one-half of the commissions earned in the second or fractional year until he had received $1,200 in that year.

Action in the district court for Hennepin county to recover $1,-710.34 unpaid commissions. The case was tried before Leary, J., who made findings and ordered judgment in favor of plaintiff for $580.88 and interest. Defendant's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Erland Lind*, for appellant.

*Edward Nelson* and *A. T. Larson*, for respondent.

[1] Reported in 192 N. W. 108.

TAYLOR, C.

Defendant is a corporation engaged in buying and selling lands on commission. Plaintiff was assistant manager of defendant from February 9, 1919, until September 4, 1920, under a contract between defendant as party of the first part and plaintiff as party of the second part which provided:

"That the compensation of the party of the second part shall be one-half of all net commissions earned and collected by the party of the first part, while serving as such assistant (general) manager, until said compensation amounts to $1,200 per year, then one-tenth of the net commission earned and collected by the party of the first part until the amount of $3,000 is reached, then one-twentieth of said commission shall be paid said party of the second part."

Plaintiff sued for a balance claimed to be due him for commissions. The court found that he was entitled to a balance of $580.88 and rendered judgment therefor. Defendant appealed.

The court found that the net amount of commissions received by defendant during the first year of plaintiff's service was the sum of $7,825, and that the net amount of such commissions during the remainder of his service, not quite seven months, was the sum of $3,840. That these amounts are correct is not questioned. The court further found that plaintiff's share of such commissions was the sum of $3,086.50. Of the $7,825 earned the first year, plaintiff was allowed one-half of the first $2,400 or $1,200, and one-tenth of the remaining $5,425 or $542.50, making a total for this year of $1,742.50. Defendant does not question this amount. Of the $3,-840 earned the second or fractional year, plaintiff was allowed one-half of the first $2,400 or $1,200, and one-tenth of the remaining $1,440 or $144, making a total for this fractional year of $1,344, and a total for the two years of $3,086.50.

Defendant insists that plaintiff is not entitled to one-half of the first $2,400 earned in the fractional year, but only to one-half of such part of $2,400 as the time that plaintiff actually served in that year bears to a full year. This is the only question presented. We are unable to sustain defendant's contention. The contract provides that plaintiff's compensation "shall be one-half of all net commis-

sions earned   *   *   *   until said compensation amounts to $1,200 per year, then one-tenth of the net commission earned   *   *   *   until the amount of $3,000 is reached, then one-twentieth of said commission shall be paid said party of the second part."

Defendant lays stress on the words "per year" as indicating an intention to fix the compensation at the rate of $1,200 a year. Ordinarily these words mean "annually" or "by the year." Curtis v. Howell, 39 N. Y. 211; 30 Cyc. 1389.

As we understand the provision in which these words occur, the parties agreed that plaintiff should have, each year, as his compensation, one-half of all commissions earned in that year until he had received the sum of $1,200, and one-tenth of all commissions thereafter earned in that year until he had received the sum of $3,000, and one-twentieth of all other commissions earned in that year. That this is what the parties intended is not questioned. In view of the context we think the words "per year" were not used to indicate a rate, but to indicate the length of the periods during which plaintiff's compensation was to be determined in the manner specified. Plaintiff's employment was terminated by mutual consent near the middle of the second year.  Defendant urges that giving plaintiff one-half of all commissions earned in this fractional year until he receives $1,200, will give him a much higher rate of compensation during this period than he would have received had he served throughout the year. This is doubtless true. The parties, however, when making the contract, had in mind that it might not continue for a full year, for they provided that either party could terminate it by a notice of 90 days. Knowing this, they made no provision for determining plaintiff's compensation for a fractional year in any different manner than for a full year, and the court must give effect to the contract as it stands. We are of opinion that the learned trial court construed it correctly, and the judgment is affirmed.