S. SIDNEY STERN and Another, Copartners Doing Business under the Firm Name and Style of S. & A. STERN, Respondents, v. WOHL, SOUTH & Co., Appellant.

First Department, January 16, 1925.

Sales — action to recover purchase price — contract provided for installment deliveries commencing "April, May"— seller not required to commence deliveries in April — letter by buyer urging prompt delivery and stating that delay in shipment of installment would mean cancellation thereof was not cancellation of contract — no rejection shown after inspection — seller may sue for purchase price — bill of lading was not sufficient proof of delivery to carrier.

A contract for the sale of goods which provides for deliveries in weekly installments commencing "April, May" does not require the seller to make any deliveries in April, but the contract will be complied with if deliveries are commenced at any time during the two months of April or May.

A letter written by the buyer to the seller urging the seller to make prompt deliveries of each installment and stating that each delay of an installment

would mean a cancellation of the installment then due, does not amount to a cancellation of the entire contract.

Since the contract was not canceled and there was no delay in making any shipments, and the goods shipped were not only not rejected after inspection. but were accepted, the seller had the right to sue for the recovery of the purchase price.

However, the seller did not establish that the title to certain installments passed to the buyer by proof merely of a bill of lading for those installments, for such proof is not sufficient proof of delivery to the carrier.

APPEAL by the defendant, Wohl, South & Co., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 12th day of January, 1924, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Myron Sulzberger* [*Henry G. Wiley* of counsel], for the appellant.

*McLaughlin & Stern* [*Martin Lippman* of counsel; *Max L. Stolz* with him on the brief], for the respondents.

MARTIN, J.:

This action was brought to recover the sum of $5,905.74, being the purchase price alleged to be due for certain merchandise sold by plaintiffs to the defendant on or about the 7th day of April, 1920. The contract was signed by the broker who, in this transaction, represented both the vendor and the vendee. The plaintiffs were engaged in the dry goods business, and the defendant was engaged in business as a converter of cotton goods. The plaintiffs were not the manufacturers of this merchandise but were under contract to purchase the goods from Aldrich Mills, a concern engaged in business in Providence, R. I., which fact was known to the defendant at the time the contract was made. The contract was made for the sale of Style S/H-533 silk and cotton crepe, the product of the Aldrich Mills. It will be observed that the contract of sale recites, "Sold to Wohl, South & Company, * * * for account of S. & A. Stern." The terms were " F. O. B. Mill, net ten days; delivery 5/7% weekly, commencing April, May; shipping directions later."

The plaintiffs commenced performance by delivery to the defendant on May 27, 1920, of a shipment of goods made by the Aldrich Mills under the plaintiffs' directions. This shipment consisted of fifty pieces of merchandise sent by the Aldrich Mills from their mill at Moosup, Conn., the invoices therefor being sent to the defendant, which, on June 2, 1920, acknowledged receipt of the invoices and directed that the goods be consigned for its account

to the United Piece Dye Works. On June 9, 1920, another shipment of twenty-five pieces was made in the same manner as that of May twenty-seventh; and the defendant, acknowledging receipt of the invoice, directed the plaintiffs to ship all merchandise under the contract to the United Piece Dye Works. Thereafter, in compliance with instructions, plaintiffs continued to make shipments weekly up to and including the 18th day of August, 1920. The merchandise in each instance was on the date of shipment at the mill, and was delivered to the railroad, consigned, as directed, to the United Piece Dye Works. The defendant accepted and paid the plaintiffs for all merchandise delivered prior to August 27, 1920. On August 27, 1920, there were twenty-five pieces of the merchandise at the mill. These were baled and marked and addressed to the United Piece Dye Works, and the bill of lading therefor was sent to the plaintiffs, who, in turn, forwarded it, with an invoice, to the defendant, in accordance with directions from defendant and practice which had prevailed with respect to all of the previous shipments made between May 27 and August 18, 1920. Several subsequent shipments were made in like manner.

The only point seriously urged on this appeal is the contention made by the defendant that the contract had been canceled and that, therefore, defendant was not liable for the purchase price of the merchandise. With reference to this, defendant contends that it had a right to cancel because the contract provided for " delivery 5/7% weekly, commencing April, May; " and because, as it contends, deliveries should have been commenced in April.

Plaintiffs were not obligated to commence delivery until the end of May. (*Bahnsen & Co.* v. *Leaf*, 203 App. Div. 618; *Childs & Bro., Inc.*, v. *Hirsch & Co.*, 202 N. Y. Supp. 226.) The defendant contends that, the contract having been canceled, plaintiffs may not in any event recover the purchase price of the goods delivered, but must sue for damages for breach of contract.

The letter which the defendant sent to the plaintiffs refusing to accept further deliveries is in part as follows: " According to our records this is an overshipment, as our contract calls for delivery commencing April and May, and in the month of April you did not give us any merchandise and in the month of May you only gave us one shipment and according to our letter of June 10th we have notified you that all delayed shipments are considered as cancelled by us."

The letter of June tenth thus referred to did not purport to cancel the contract. It read: " We beg to ask you to kindly make prompt delivery, as each delay of specified shipping date would mean a cancellation of each shipping installment due."

By this same letter the defendant notified plaintiffs to deliver all goods to the United Piece Dye Works. The questions here for decision, therefore, are (1) whether the plaintiffs should have sued for damages for breach of contract for failure to accept part of the goods; (2) whether the plaintiffs on proof of sale and delivery of the goods may recover the price; and (3) was there proof of the sale and delivery of the goods for which plaintiffs were permitted to recover a judgment.

Title does not pass where there is a right of inspection and rejection and goods, although complying with the contract, have been rejected. (*Larkin* v. *Geisenheimer*, 201 App. Div. 741; affd., 235 N. Y. 547.) There was no rejection here and the defendant did not refuse to receive any shipment of the goods but notified the plaintiffs that " all delayed shipments are considered as cancelled by us." That was neither a cancellation of the contract nor a rejection after inspection. There were no delayed shipments.

A serious question, however, arises with reference to the proof of delivery. Plaintiffs proved delivery to a truckman who was not produced as a witness. The method used in each instance to establish proof of delivery and consequent passing of title was as follows: " Q. Now, on September 15th, did you have 25 pieces of merchandise at the mill?    A. I did.   Q. Was it baled?   A. It was.   Q. What was the bale number?   A. 547.   *   *   *   Q. Did that consist of merchandise style No. H-533?   A. Yes.   Q. How was that bale marked?   A. With the style, bale number and yardage, and it had the address ' United Piece Dye Works, 132 Madison Avenue, New York City.   *   *   *   Q. Did you make out a bill of lading for that?   A. I did.   Q. Did you give it to the expressman?   A. I did.   *   *   *   Q. Whom was that signed by? A. The same man.   Q. You know him to be the freight agent of the railroad?   A. He is not the freight agent; he is the freight receiver for the freight agent.   *   *   *   (Same received in evidence, marked Plaintiffs' Exhibit No. 9, of this date, and read to the jury.)"

The goods under three bills of lading, Exhibits 7, 8 and 9, were received by United Piece Dye Works for defendant's account, and two installments are still in its possession. A third installment was delivered to defendant by the United Piece Dye Works. Bills of lading, Exhibits 10, 11, 12 and 13, were for similar goods amounting to several thousand dollars. It was not shown where these goods were delivered or where they are at the present time. The question is, whether it was established that title to these goods passed, which depends upon whether proof of the bills of lading is sufficient proof of delivery to the carrier.

There is no doubt but that there was an actual sale, delivery and receipt of the goods represented by the bills of lading Exhibits 7, 8 and 9, amounting to the sum of $2,218.73. But the evidence was insufficient to show delivery of the remaining goods to the carrier. The fact that they were not delivered to the carrier seems to be indicated, to some extent, by allegations in the complaint to the effect that the goods are held by plaintiffs as bailee for the defendant.

On a new trial plaintiff may be able to establish delivery and recover the full amount of the claim.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the verdict to the sum of $2,218.73, with interest from October 1, 1920; in which event the judgment as so modified and the order are affirmed, without costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the judgment as entered to the sum of $2,822.60; in which event the judgment as so modified and the order appealed from are affirmed, without costs.