WALTER WERNER, Respondent, v. REPUBLIC YEAST CORPORATION, Appellant.— This appeal is from a judgment recovered by the plaintiff for breach of a written agreement of employment pursuant to which the defendant employed the plaintiff, as salesman and manager of its route drivers, in the defendant's business of selling yeast for a period of five years. The plaintiff agreed that during the first ninety days of such period he was to sell between 4,000 and 5,000 pounds of yeast per week, and for the balance of the period he contracted to sell between 6,000 and 7,000 pounds of yeast per week, failing in which the defendant had the option to cancel the contract by giving the plaintiff ten days' notice in writing. After the expiration of eight weeks the defendant discharged the plaintiff for failure to sell the minimum poundage that he had contracted to sell. Upon the theory that the contract was ambiguous, parol evidence was admitted, tending to establish that the words " per week " were to be construed as meaning that for the first ninety days the plaintiff's sales were to be averaged and that the defendant had waived the cancellation clause. This evidence had the effect of rewriting the contract and making a new one more favorable to the plaintiff under the guise of construction. The parol evidence was contradictory to, and not explanatory of, the contract and was not admissible. (*Thomas* v. *Scutt*, 127 N. Y. 133.) The contract is not ambiguous. The words " per week " must be taken in their ordinary sense and mean each and every week. (*Curtiss* v. *Howell*, 39 N. Y. 211.) If the plaintiff made an extravagant promise he cannot be relieved under the pretense that his promise is ambiguous. (*Allegheny College* v. *Nat. Chautauqua County Bank*, 246 N. Y. 369, 377.) Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. Appeal from order deleting a certain financial report from the record dismissed, without costs. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.