ARON PERLMAN et al., Respondents, *v.* M. ISRAEL & SONS Co., INC., Appellant.

Argued December 3, 1953; decided January 15, 1954.

*Emanuel Harris, Paul J. Madden* and *Max E. Greenberg* for appellant.   I. The trial court erred in charging the jury that the burden of proving that plaintiff breached the contract rested upon defendant, and the affirmance of such ruling was erroneous.   (*Lau Co.* v. *Darr,* 76 Misc. 512; *Balmford* v. *Grand Lodge of A. O. U. W.,* 19 Misc. 1.)   II. Plaintiffs were obliged to take the entire quantity of goods when defendant offered the same in December, 1950, and the charge of the trial court to the contrary and to the effect that plaintiffs had the right to wait until the end of February, 1951, to accept the goods was improper.   (*Morel* v. *Stearns,* 43 Misc. 639; *Bahnsen & Co.* v. *Leaf,* 203 App. Div. 618; *Jardine, Matheson & Co.* v. *Huguet Silk Co.,* 203 N. Y. 273.)   III. The trial court erred in excluding the testimony of defendant's witness as to market values.   (*Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389; *Glickstein & Terner* v. *Sheffield Glass Bottle Co.,* 214 App. Div. 626; *Bearss* v. *Copley,* 10 N. Y. 93; *Kerr* v. *McGuire,* 28 N. Y. 446.)   IV. Plaintiffs having failed to prove an available market for the purchase of the goods, there was a failure to prove any damages and therefore there was no basis for any recovery by plaintiffs.   (*Buyer* v. *Mercury Tech. Cloth & Felt Corp.,* 301 N. Y. 74.)   V. The letters between the parties did not constitute a valid contract.   (*Smiley Steel Co.* v. *Schmoll,* 200 App. Div. 655; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Brick* v. *Cohn-Hall-Marx Co.,* 283 N. Y. 99.)   VI. The trial court erred in excluding testimony as to conversations between the parties prior to the letters alleged to constitute the contract and subsequent thereto modifying the same.   (*Whitmore, Rauber & Vicinus* v. *Blanchard,* 272 App. Div. 860; *Levy* v. *Forster,* 224 App. Div. 463.)

*Paxton Blair, Charles Gold* and *Mortimer J. Metchik* for respondents.   I. The court properly instructed the jury that the burden was on defendant to establish an anticipatory breach.   (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120; *Balmford* v. *Grand Lodge of A. O. U. W.,* 19 Misc. 1; *Lau Co.* v. *Darr,* 76 Misc. 512; *Stokes* v. *Stokes,* 155 N. Y. 581.)

II. When a plaintiff relies on an available market to establish the damages recoverable, a failure to prove the availability of an amount as large as that contracted for does not defeat recovery but may diminish it *pro tanto*. (*Saxe* v. *Penokee Lbr. Co.*, 159 N. Y. 371; *Buyer* v. *Mercury Tech. Cloth & Felt Corp.*, 301 N. Y. 74.)

Froessel, J. In this action for damages arising out of the alleged breach of an agreement for the purchase and sale of a large quantity of " sweater clips ", defendant seller denies that there was a valid contract between the parties, and urges upon us a number of errors claimed to have been made by the trial court.

Upon this record, it appears that the parties actually entered into an oral contract on or prior to November 22, 1950, and that the confirmatory letters exchanged between them, dated on that day, and which apparently crossed in the mail, were evidence of such contract, despite their variance from each other in two respects. Although the trial court correctly charged that these letters " evidence a contract ", it should not have excluded testimony of Sidney Israel, offered to show the conversation at the time the agreement was consummated.

We are also of the opinion that the trial court's instructions to the jury to the effect that plaintiffs were not bound to accept the goods allegedly tendered by defendant in December, 1950, so long as they were ready, willing and able to take and pay for them by the end of February, 1951, were confusing, to say the least. There was no evidence in the case — nor has any contention been made — that the goods were offered at an unreasonable hour of the day (Personal Property Law, § 124, subd. 4), or that defendant sought arbitrarily to put plaintiffs in technical default (*Manners & Co.* v. *Hirshenhorn & Sons*, 280 App. Div. 711) by demanding actual acceptance of the goods at the " particular moment or at the instant defendant elected to offer them ".

The tender was allegedly made long prior to the expiration of the contract. The seller was not restricted to any particular day, but had the right to offer to deliver the goods contracted for at any time during the contract period (*Curtiss* v. *Howell*, 39 N. Y. 211; *Bahnsen & Co.* v. *Leaf*, 203 App. Div. 618; *Morel* v.

*Stearns,* 43 Misc. 639, 642 [App. Term]; *Harman* v. *Washington Fuel Co.,* 228 Ill. 298, 301; see, also, *Crown Embroidery Works* v. *Gordon,* 190 App. Div. 472). If, therefore, the jury believes Israel's testimony to the effect that defendant had tendered, and that the Perlmans had refused, delivery of the goods early in December, 1950, such a refusal would have been a breach of contract excusing defendant from further performance on its part (*Jardine, Matheson & Co.* v. *Huguet Silk Co.,* 203 N. Y. 273, 280; *Gourd* v. *Healy,* 206 N. Y. 423; *Dunham & Dimon* v. *Pettee & Mann,* 8 N. Y. 508). The fact that the Perlmans may subsequently and before termination of the stipulated delivery period have been " ready, able and willing to take and pay for " the goods would not save their cause of action.

The trial court also erred in precluding the witness Israel, who was obviously qualified as an expert, from giving testimony as to market value generally, and limiting him to actual purchases and sales of his own.

There was no error in the court's instructions with respect to the burden of proof. Plaintiffs, of course, had the burden of establishing that they were ready, able and willing to take and pay for the goods, as the court properly charged. Payment, however, was not required until the presentation of invoices by defendant. The latter, on the other hand, had the burden of establishing its affirmative defense that plaintiffs had rejected a valid tender of the goods, and, since it sought to be excused from its additional obligation under the contract of presenting invoices, it was necessarily incumbent upon it to establish plaintiffs' anticipatory breach. As to the remaining points urged upon us in appellant's brief, we find no prejudicial errors.

The judgments appealed from should be reversed and a new trial granted, with costs to abide the event.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur.

Judgments reversed, etc.