### BAYLES v. STRONG. ·

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

STATUTE OF FRAUDS—SALE OF STANDING TIMBER—WRITTEN EVIDENCE OF CONTRACT. ·

In an action for damages for breach of a contract whereby defendant sold plaintiff standing locust timber on premises known as "Oakwood" for $225, plaintiff introduced a receipt from defendant for $225 "for locust at Oakwood," and also a check for $200, showing payment of that amount to defendant. Plaintiff testified that he paid the balance in cash. Oakwood was shown to be a known piece of property in the community. *Held*, that the papers were sufficient, under Real Property Law Laws 1896, p. 602, c. 547, § 224, providing that a contract for the sale of any interest in real property is void unless some note or memorandum thereof expressing the consideration in writing is subscribed by the grantor or his agent.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 205, 207, 262.]

Appeal from Trial Term.

Action by Thomas N. Bayles against Selah B. Strong. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Selah B. Strong, 3d, for appellant.

Livingston Smith, for respondent.

WOODWARD, J. The facts in this case appear to be that the plaintiff purchased of the defendant certain locust timber standing upon premises known as "Oakwood," Port Jefferson, Suffolk county, paying therefor the sum of $225. This transaction occurred in 1901, and the trees were not cut down and removed from the premises in October, 1902, at which time the plaintiff was denied admission to the premises for the purpose of removing the timber; the same having been sold to a third party. The plaintiff brings this action to recover the damages sustained by him by reason of this transfer of the premises, resulting in a breach of the contract of sale. The jury has found a verdict for $600 damages, and from the judgment entered upon such verdict the defendant appeals.

The only material question presented upon this appeal—for there is practically no dispute as to the facts—is whether the plaintiff has established his case by competent evidence. The complaint alleges:

"That on or about the 14th day of February, 1901, at Setauket, Suffolk county, New York, the plaintiff and defendant entered into an agreement whereby the plaintiff purchased of the defendant a certain quantity of standing locust trees on premises at Oakwood, Port Jefferson, Suffolk county, New York, at the stipulated price of two hundred and twenty-five (225) dollars, and the defendant sold to the plaintiff the said standing locust trees on premises at Oakwood at the stipulated price of two hundred and twenty-five (225) dollars. That the aforesaid agreement was on the said 14th day of Febuary, 1901, at Setauket aforesaid, at the time and place of making the same, reduced to writing and signed by the defendant, and then and there delivered by the defendant to the plaintiff, whereupon the plaintiff paid to the defendant the entire consideration expressed in the said agreement."

The answer is a general denial of the material allegations; alleges that the alleged agreement set forth in paragraphs numbered 1 and 2 in said complaint is void under the statute relating to real property, and void under the statute of frauds; and sets up an alleged oral agreement of a prior date in respect to this same property, which said oral agreement is alleged to have been void under the provisions of the statutes mentioned, and that defendant was willing to permit the plaintiff to remove the said timber up to May, 1902.

In support of plaintiff's averment in reference to the contract of February 14, 1901, the following was introduced and received in evidence over the objection of the defendant that "the complaint alleges that it is a common-law action on a written contract; that this is merely his receipt for money. We set up the statute of frauds. Paper objected to": "Setauket, N. Y., Feb. 14, 1901. Received from Thomas N. Bayles two hundred and twenty-five dollars for locust at Oakwood. Selah B. Strong." This was supplemented by the testimony of the plaintiff, received without objection, that he gave the defendant $25 in money and a check for $200 at

the time, and the check, with its indorsements, showing that the same had been paid, was received in evidence; and the question presented is whether this constituted a sufficient writing to establish the existence of the contract alleged in the complaint. The learned court at Trial Term held that it did, and we are of opinion that in this there is no error. Section 224 of the real property law (chapter 547, p. 602, Laws 1896) provides that:

"A contract for the leasing for a longer period than one year, or for the sale of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawfully authorized agent."

It is conceded that this standing timber constituted an interest in the real estate, and that the evidence must comport with the requirements of the above provision of the real property law, and we are of opinion that it does. The requirement is not that this contract, valid at common law, should be reduced to writing, but that "the contract, or some note or memorandum thereof, expressing the consideration," shall be in writing. The paper offered and received in evidence, while not going into details, expresses the contract alleged in the complaint. It acknowledges receipt from the plaintiff of "two hundred and twenty-five dollars for locust at Oakwood," and the plaintiff was permitted to prove, without objection, that Oakwood was a known and definite piece of property generally known in that communty. This note or memorandum of the contract was signed by the vendor, and constitutes sufficient evidence of the existence of the contract alleged. This provision of the real property law, which is but an extension of the statute of frauds, does not prohibit the making of an agreement in any way that the parties may see fit, nor render them illegal or immoral if not made in some particular way. It simply requires that certain agreements must be proved by a writing. It introduced a new rule of evidence in certain cases, without condemning as illegal any contract that was legal before. Crane v. Powell, 139 N. Y. 379, 384, 34 N. E. 911; Hutchins v. Van Vechten, 140 N. Y. 115, 120, 35 N. E. 446; Matthews v. Matthews, 154 N. Y. 288, 291, 48 N. E. 531. The fact that it does not express all that might be necessary in a contract where the plaintiff sought specific performance, or that it is lacking in some of the details which the defendant might think necessary in a contract, is of no importance. The statute enacts a rule of evidence, and is satisfied if the contract is manifested or proved by a writing, however it originated—whether by parol agreement or otherwise. Hutchins v. Van Vechten, 140 N. Y. 120, 35 N. E. 446. The plaintiff alleges the details of the contract, and in support of that allegation he introduces in evidence not merely a receipt for money, but a memorandum of the contract acknowledging the receipt of the amount of money alleged to have been paid by the plaintiff for the property, and describing or referring to the same premises and property as that set forth in the complaint. This writing, it seems to us, is sufficient to establish the existence of the contract; and, as there is no pre-

tense that the defendant has not received the money, in equity he would be bound to answer to the plaintiff in some measure, at least, for the contract has been performed on his part, to the extent of the payment. There seems to be no doubt that substantial justice has been reached in this case, and we are of opinion that the plaintiff has complied with the requirements of the statute, and is entitled to recover.

The judgment and order appealed from should be affirmed, with costs. All concur.