ARNOLD L. McCORMACK and Another, Plaintiffs, v. HARRIET HALSTEAD and Others, Defendants.

Supreme Court, Chenango County, October 12, 1928.

Wills — agreement to make will — action in equity to compel perform-ance — Statute of Limitations not bar — defense of Statute of Frauds cannot be determined except upon proof — question of jurisdiction of Surrogate's Court to enforce contract should be · determined first in that court — stay granted until question of jurisdiction determined.

This action is to compel the performance of an agreement to leave property by will for life to the other party to the agreement who, in turn, agreed to make a will leaving the property to the children of the owner. Since the person to whom the property was to be left for life did not die until 1927, the Statute of Limitations is not a bar, for the ten-year statute applies.

The allegation that the contract was unenforcible under the Statute of Frauds does not require judgment on the pleadings in favor of the defendant, for that defense can only be determined upon proofs at the trial on a question whether or not the contract was sufficiently performed to take it out of the statute.

The contention by the defendant that the Surrogate's Court has jurisdiction should be first determined by that court and all proceedings are stayed in this action until that jurisdictional question has been presented to and determined by the Surrogate's Court.

MOTION by defendant for judgment on the pleadings in an action to compel performance of agreement to make will.

*Ward N. Truesdell*, for the plaintiff.

*Merritt Bridges*, for the defendant Harriet Halstead.

RHODES, J. Plaintiff brings this action in equity to compel the performance of an agreement alleged to have been made between John W. McCormack, deceased, and Sarah Pond, deceased, whereby McCormack was to make a will giving the life use of all his property to said Sarah Pond and she was to make a will leaving all her property to his children. Defendant moves for judgment on the pleadings asking that the complaint be dismissed upon the ground, among other things, that the cause of action did not accrue within the time limited by law for the commencement of an action thereon, and that the contract on which the action is founded is not enforc-ible under the Statute of Frauds, also that the matters involved should be remitted to the Surrogate's Court for determination.

It is alleged in the complaint that the said Sarah Pond died November 19, 1927. Consequently the action did not accrue until that date, for until her death manifestly she might have made a will complying with the terms of the alleged contract. This being an action in equity, the plaintiff would have ten years from

the date of her death in which to bring suit, and, therefore, the time for commencing the action has not elapsed.

As to the alleged contract being unenforcible under the Statute of Frauds, that cannot be determined until the proofs are before the court to determine whether or not, assuming an agreement was made, it has been sufficiently performed to take it out of the statute.

Plaintiff, in opposition to the defendant's demand that the matters be sent to the Surrogate's Court, cites the case of *Matter of Lally* (210 App. Div. 757). That case simply held that in a proceeding to probate the will it was no defense to the probate to show that the testatrix had previously made an agreement to make disposition of her property contrary to the terms of the will. The defendant cites the case of *Schley* v. *Donlin* (131 Misc. 208), wherein the proper procedure in a similar situation is very fully set forth and the case of *Matter of Lally* is discussed. It is there pointed out why that case has no pertinence. In view of the very able discussion of the subject in *Schley* v. *Donlin* (*supra*), I deem it unnecessary further to prolong this memorandum because that case is applicable here. I agree with the statement in the opinion that the proper tribunal to determine the question of jurisdiction in the first instance is the learned Surrogate's Court itself. In accordance with the procedure there laid down, all proceedings should be stayed on the part of the plaintiff in this court until the jurisdictional question has been presented and determined by the Surrogate's Court of Chenango county, when further application can be made to this court for a final disposition of this action.

I direct accordingly, with ten dollars costs of this motion.