FIRST NATIONAL BANK OF NEW ROCHELLE, Appellant, v. FAIRCHESTER OIL CO., INC., Respondent. (Action No. 5.) — Judgment reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. (See First National Bank of New Rochelle v. Fairchester Oil Co., Inc., Action No. 4, ante, p. 281.) Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

JANE GREEN, as Administratrix of the Estate of SNELLING GREEN, Deceased, Appellant, v. LONG ISLAND RAILROAD COMPANY, Respondent.— Action to recover damages for the wrongful death of plaintiff's intestate, who was killed when a train of the defendant collided at a grade crossing with an automobile operated by plaintiff's intestate. Judgment for defendant, entered in accordance with a jury verdict, unanimously affirmed, without costs. (Civ. Prac. Act, § 1493.) No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

CYRIL GURGE, as Executor of VASILY D. DUMBADZE, Deceased, Appellant, v. AGENCY OF THE CANADIAN CAR AND FOUNDRY COMPANY, LIMITED, Respondent.— In an action to recover commissions pursuant to a written contract, plaintiff appeals from an order granting defendant's motion for summary judgment and denying plaintiff's cross motion to amend the complaint and to add an additional party defendant, and from the judgment entered thereon. Order, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Taylor and Lewis, JJ. [See post, p. 878.]

SYLVESTER HOLMES, as Administrator of the Estate of FRANCES HOLMES, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— Action by plaintiff's intestate to recover damages for personal injuries resulting from a collision between a trolley car operated by the defendant and an automobile in which plaintiff's intestate was a passenger. The jury rendered a verdict in favor of the plaintiff's intestate. From the judgment entered thereon the defendant appeals. Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. Although liability was conceded, there was a serious question as to whether plaintiff's intestate's major injuries were caused by the accident. In our opinion the verdict was induced by the inflammatory summing up of plaintiff's intestate's counsel. It exceeded the bounds of fair argument, for counsel repeatedly sought to and undoubtedly did arouse the sympathies and prejudices of the jury. In addition, photographs of plaintiff's intestate, taken many years before the accident, were improperly received. The interests of justice require a new trial. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See post, p. 878.]