MICHAEL. BLESSINGTON, as Administrator of the Estate of MICHAEL BLESSINGTON, JR., Deceased, Plaintiff, *v.* McCRORY STORES CORPORATION et al., Defendants, and M. A. HENRY Co., INC., Defendant and Third-Party Plaintiff. E. I. DU PONT DE NEMOURS & COMPANY, Third-Party Defendant.

Supreme Court, Special Term, Queens County, June 30, 1949.

*William M. Blake, Jr.,* for plaintiff.

*Michael A. Hayes* for M. A. Henry Co., Inc., defendant and third-party plaintiff.

*Richard W. Hannah* for McCrory Stores Corporation, defendant.

*Galli & Locker* for E. F. Timme & Son and another, defendants.

*Cravath, Swaine & Moore* for third-party defendant.

DALY, J. Plaintiff's intestate, a boy seven years of age, is alleged to have been burnt as the result of wearing a certain suit

which his mother bought for him from the defendant McCrory Stores Corporation. He died as the result of these burns three months later, and this action was brought to recover damages only for his conscious pain and suffering.

The first cause of action is against the vendor McCrory Stores Corporation for breach of implied warranty, and the second cause of action charges said vendor, M. A. Henry Co., Inc., the manufacturer thereof, Woonsocket Falls Mill, the supplier of the material from which it was in part manufactured, and the defendant E. F. Timme & Son, as factor and selling agent for said Woonsocket Falls Mills, with negligence in the manufacture and sale of the suit which ignited and caused the injuries for which damages are sought.

Months after the joinder of issue, and including the impleader of a third-party defendant — E. I. Du Pont de Nemours & Company — the defendants moved separately to dismiss the complaint, pursuant to rule 107 of the Rules of Civil Practice, upon the ground that the causes of action were barred by the Statute of Limitations. All of said motions were made returnable on January 27, 1949. These motions were adjourned and thereafter notices were served by each movant to amend their notices of motion, returnable as aforesaid on January 27, 1949, to the extent that the motions be made under rule 112 of the Rules of Civil Practice. The amended motion of the defendant McCrory Stores Corporation also sought relief in the alternative, by way of '' an order granting judgment on the pleadings '' — no grounds stated. The plaintiff cross-moved for leave to amend his complaint by adding to the two causes of action above referred to a third cause of action, the gravamen of which is claimed to be nuisance.

There is no question that the original motions made by the defendants under rule 107 of the Rules of Civil Practice were untimely. The rule expressly provides that except where the objection is to the court's jurisdiction of the subject matter of the action, a motion thereunder must be made within twenty days after the service of the complaint (*Gordon* v. *Irving Bank-Columbia Trust Co.,* 210 App. Div. 186; *Calinicas* v. *Fulton,* 242 App. Div. 850). Of course the failure to dismiss a complaint by motion, on the ground that an applicable statute of limitation bars the cause of action, does not prevent the defendant from setting up the objection as a defense in his answer (*Gentilala* v. *Fay Taxicabs,* 214 App. Div. 255, revd. on other grounds 243 N. Y. 397, 399), and thereafter moving for summary judgment, or having the question disposed of at the trial. That objection

cannot be raised by a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Such a motion by a defendant is treated as a motion attacking the sufficiency of the complaint, and any defenses which are contained in the answer are not considered (*Lipkind* v. *Ward*, 256 App. Div. 74). " If the complaint is found to be sufficient, it will not be dismissed because of any defenses which may appear in the answer inasmuch as the facts alleged therein are considered as controverted under the provisions of section 243 of the Civil Practice Act, and consequently issues of fact are presented which require a denial of the motion. [Citations.] " (Tripp, A Guide to Motion Practice [1949 rev. ed.], § 93, par. 2, pp. 272–273).

It follows that the question of the alleged bar of the Statute of Limitations cannot be determined at this time, either under the defendant's original notices of motion or as they were amended by their subsequent notices.

It is the contention of the defendants, with respect to the plaintiff's motion to amend, that the court should, in this case, depart from the rule that upon a motion for leave to amend it will not ordinarily examine into and determine the merits or legal sufficiency of the proposed pleading (*Coron* v. *Lincks*, 259 App. Div. 924; *Lazarus* v. *Rice*, 268 App. Div. 985; *Gillette* v. *Allen*, 269 App. Div. 441; *Cohen* v. *Dana*, 273 App. Div. 1017). They urge that the sufficiency of the plaintiff's proposed third cause of action should be decided at once, citing Mr. Justice KADIEN's opinion in *Dumbadze* v. *Agency of Can. Car & Foundry Co.* (38 N. Y. S. 2d 991, affd. *sub nom. Gurge* v. *Agency of Can. Car & Foundry Co.*, 267 App. Div. 782). That case, however, is distinguishable. There the defendant moved for summary judgment and the plaintiff made a cross motion for leave to amend the complaint, so as to set forth two additional causes of action and to add another party defendant. The court considered the sufficiency of the proposed pleading. However, unlike the case at bar, no technical impediment existed to the disposition of the defendant's motion, and, as a result of passing upon the sufficiency of the proposed amended complaint, the entire litigation was brought to a final conclusion. As pointed out above, such a result is not possible here. It cannot be said that the alleged deficiency of the proposed third cause of action is so palpably clear as to require this court to examine it at this time to determine whether it states a cause of action. The power of the court to permit the amendment of a pleading is plenary and is a matter for the court's discretion, to be exercised with liberality to the end that the applicant may have an opportunity to raise

and have determined all questions affecting his interest involved in the subject matter of the litigation (*Milliken* v. *McGarrah,* 164 App. Div. 110; *Newman* v. *Goldberg,* 250 App. Div. 431; *Fitzgerald Bros. Constr. Co.* v. *State of New York,* 188 Misc. 940).

I am of the opinion that the interests of justice will best be served, and the time and expense of the court and litigants conserved, by permitting the plaintiff to amend his complaint so as to add a third cause of action and to direct him to serve such amended complaint containing the three causes of action. It will then be possible for defendants to challenge the legal sufficiency of each cause of action, and, at the same time, to move within the time specified under rule 107 of the Rules of Civil Practice for the dismissal thereof on the ground that each cause of action is barred by an applicable statute of limitations.

The defendants' motions are denied and the plaintiff's motion granted in accordance with the foregoing views.

Settle orders on notice.