First Department, November, 1951.
(November 7, 1951.)

Herman Wohlers et al., Appellants, *v.* Frank Martorella et al., Respondents.

*Per Curiam.* The default suffered on the pretrial calendar was inadvertent and the dismissal for that reason should be vacated. The complaint, giving to its averments the most favorable construction, states a cause of action. That the damages claimed may not have resulted from the wrong charged is no ground for invalidating the complaint; it must be held good as a pleading if it may be construed as charging a legal wrong for which the pleader is entitled to recover in any form and to any extent. The motion for judgment on the pleadings and for summary judgment dismissing the complaint should be denied. Triable issues are raised by the affidavits. The order and judgment below should be accordingly reversed, with costs to the appellants. Settle order restoring the cause to its position on the calendar.

Dore, J. (dissenting). Plaintiffs appeal from an order denying their motion to vacate dismissal of the action and granting defendants' cross motion for judgment on the pleadings and for summary judgment dismissing the complaint.

Special Term found there was no triable issue of fact in that the plaintiffs purchased Martorella's business with notice of one Skrod's claim. The dismissal of the action occurred on the call of the pretrial calendar. Under ordinary circumstances the default would be opened but since the complaint was dismissed on defendants' application for summary judgment, the default was properly not opened.

The action is against Martorella, a former partner of plaintiffs and against a firm of attorneys. Prior to 1943, plaintiffs and Martorella were partners in a firm known as Inter-American Weighing Company. Plaintiffs owned a 45% interest and Martorella a 55% interest, a 50% interest of which had been assigned to one Skrod. Plaintiffs purchased Martorella's interest for $25,000. Meanwhile there was an action pending between Skrod and Martorella concerning Skrod's interest in the partnership. Before the agreement of sale was entered into Skrod had written a letter to plaintiffs which pointed out that if plaintiffs were considering buying out Martorella's share then they were warned that Martorella had no right to dispose of his interest without Skrod's consent. Skrod further pointed out that plaintiffs would deal with Martorella at their peril. Skrod had also discussed with plaintiffs his pending action against Martorella. The present plaintiffs were added as defendants to that action and served with a supplemental summons and complaint and filed their answer.

On a prior appeal in that action (*Skrod* v. *Martorella,* 273 App. Div. 848), plaintiffs in this action were defendants sued by Skrod on the ground that they misappropriated partnership assets to the extent of $25,000 which they used

to buy out Martorella. Skrod had judgment against these plaintiffs on that ground at Special Term for trial and in this court; we modified trial court only to hold that Skrod was not a partner as such, but only entitled to a share of Martorella's profits for a period prior to plaintiffs' purchase.

In our *Per Curiam* in that appeal we expressly held that plaintiffs in acquiring Martorella's interest " acted with full knowledge of " Skrod's rights. If we have held, and we have, as against these very plaintiffs that they acted with " full knowledge " of Skrod's rights, how can we now uphold a complaint which is based on the theory that these defendants withheld such knowledge from them. While the defendant lawyers were not parties to the prior action, plaintiffs were and this decision binds them as to their " knowledge ". Assuming that there were misrepresentations, plaintiffs could not have relied on them as they had full knowledge of their own. The basis of this suit is fraud in not revealing to plaintiffs what we have held they already knew.

It is true there is a cause of action for negligence against the lawyers, in failing to represent the plaintiffs properly, but the gist of it is that they suffered and permitted a fraud to be perpetrated on the plaintiffs by Martorella. That means concealing Skrod's interest. As indicated we have held that plaintiffs had full knowledge.

Accordingly we dissent and vote to affirm.

Peck, P. J., Callahan and Shientag, JJ., concur in *Per Curiam* opinion; Dore, J., dissents and votes to affirm, in opinion in which Glennon, J., concurs.

Judgment and order reversed, with costs to the appellants. Settle order on notice. [See *post*, p. 780.]