David Kuzuetz, J.
This is a motion by all of the defendants for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. In the alternative, defendant Jack Vernon seeks to modify plaintiff’s notice of examination before trial and to extend his time to serve a bill of particulars.
This is an action principally to impress a trust upon the outstanding stock in defendant, J. & V. Iron Works, Inc., to the extent of 25% of its total shares, and to require the plaintiff’s father, the defendant Jack Vernon, in whose name they are held, to issue or assign them to the plaintiff; to adjudge that defendant Jack Vernon, Inc., holds title to two parcels of land with *778 improvements in the borough of The Bronx, as trustee for the benefit of the first named corporation, or the plaintiff and the individual defendants in equal shares, or, in the alternative, that all of the outstanding stock of said Jack Vernon, Inc., held in the name of plaintiff’s father be impressed with a trust for plaintiff’s benefit to the extent of 25%; that his father be required to issue or assign same to the plaintiff and that the defendant Jack Vernon, Inc., be directed to convey title to the Bronx parcels to defendant J. & V. Iron Works, Inc., or to the plaintiff and the individual defendants in equal shares. Plaintiff also seeks an accounting, injunctive relief, and “ that the paper executed on the 14th day of April 1955, purporting to be an agreement fixing the interests of the plaintiff and the individual defendants” in the two corporate defendants “be adjudged null and void and that the same be delivered up and cancelled.”
The amended answer of the defendant Jack Vernon denies the material allegations of the complaint and sets up the April 14, 1955 writing as a complete defense, it being alleged that the parties thereto recognized that the answering defendant was the owner and holder of the stock of the two corporate defendants and that provision was made for the transfer on January 2, 1956 of certain stock therein to plaintiff and others, provided that they remained continuously in the employ of J. & V. Iron Works, Inc., from April 14,1955 to January 2,1956; that plaintiff voluntarily left such employ in or about July, 1955.
By way of a second complete defense and a cross complaint against the individual defendants in the event plaintiff recovers judgment, the defendant Jack Vernon seeks reimbursement from his codefendants, by reason of a certain indemnification executed in connection with the sale to them of his entire interest in the corporate defendants.
In considering the legal sufficiency of the complaint upon a motion such as this, made under rule 112 of the Buies of Civil Practice, the court pays no heed to the allegations contained in defenses which under the authorities are deemed controverted by plaintiff by traverse or avoidance as the case requires. (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87-88; Owens v. Owens, 1 A D 2d 844.) True, plaintiff’s bill of particulars, dated January 13, 1956, is properly before the court (Lefler v. Clark, 247 App. Div. 402, 404), but the only admission therein contained that is material to the consideration of the legal sufficiency of the complaint, is that the photo static copy of the writing of April 14, 1955 annexed to the amended answer of the defendant Jack Vernon is a true copy. Thus the court is permitted to read that writing, even though not annexed to the *779 complaint, although incorporated therein by reference. (Cf. Gordon v. New York Inst. of Optics, 277 App. Div. 1100.)
The burden of plaintiff’s complaint, briefly, is that under an oral agreement made in 1946 he was entitled to a one-quarter interest in the J. •& V. Iron Works, Inc.; that prior to April, 1955, when the plaintiff sought to resign from said corporate defendant because of certain misconduct of his father in connection with the business and demanded his shares of stock therein, or his distributive share of the corporate assets, his father refused to permit him to resign and insisted that he continue, otherwise he would deny plaintiff’s interest in said corporation and its assets including all of the realty; that in fear of being deprived thereof, plaintiff signed the paper, dated April 14, 1955, purporting to be the agreement establishing the respective rights of the parties in the assets of said corporation. The complaint further alleges that this writing was without any consideration since plaintiff already was entitled to receive said stock and that it was too indefinite for legal enforcement, lacked mutuality of obligation, and was illusory since it provided that: “ In the event that, for any reason whatesoever (with or without cause) excepting death, any of such parties [including plaintiff] shall have ceased to be an employee of J. & V., on or prior to January 2,1956, or any of them shall not have been continuously in such employ between the date of execution of this agreement and January 2, 1956, such party or parties shall not be entitled to any shares of stock * * * ” in either of the corporations, ‘ ' nor shall such party be entitled to any other rights or benefits which otherwise would be conferred upon him or them by the terms of this agreement.”
The complaint then alleges that when the plaintiff became ill in the latter part of June, 1955 and unable to work, the individual defendants began negotiations to pay him for his interest in the corporations and the real property in question, which negotiations continued until the institution of this action; that during this time, the individual defendants worked out an arrangement to mortgage all of the machinery, equipment and real property of the corporations and use the proceeds to pay the defendant Jack Vernon for the transfer to plaintiff’s two brothers of his stock, including the plaintiff’s interest, and that the offers made and the negotiations conducted by the individual defendants with plaintiff were not in good faith, but were entered into for the sole purpose of defeating his rights and remedies.
The court is of the opinion that the allegations of duress contained in paragraphs 23 to 26 inclusive are insufficient upon which to predicate the avoidance of the writing of April 14, *780 1955. They amount to nothing more than a threat to breach the oral agreement of 1946 and the rights, if any, which accrued to the plaintiff thereunder. Such conduct, if true, does not constitute duress. (Halperin v. Wolosoff, 282 App. Div. 876.)
The foregoing view, however, does not require the dismissal of the complaint for it is well settled that if in any aspect upon the facts stated a plaintiff is entitled to a recovery, it is improper to dismiss the complaint. (Abrams v. Allen, 297 N. Y. 52, 54; Wohlers v. Martorella, 279 App. Div. 629.) Nor is the court concerned upon a motion such as this with the possibility that the proof at the trial may fall short of establishing as facts what are now mere allegations in the complaint. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458.) So considered (Civ. Prac. Act, § 275), the plaintiff’s challenge of the writing-dated April 14, 1955, states a cause of action which cannot be flung off summarily on the pleadings.
By making this motion, the defendants admit the factual allegations of the complaint. (Abrams v. Allen, supra.) These include the making- of the 1946 oral agreement that the corporation would be a family affair in which plaintiff would receive a one-quarter interest and that his father would hold the stock for the benefit of the plaintiff; that relying upon the relationship between father and son,, plaintiff continued to work and to render valuable services to the corporation until 1955 and became entitled to the stock, aside from the writing of April 14, 1955. If these allegations, deemed true for the purposes of this motion, are established at the trial, then it may be held that this writing-lacked consideration. (Schwartsreich v. Bauman-Basch, Inc., 231 N. Y. 196, 202.) True, the defendants claim in their brief that it was a modification agreement for which no consideration was necessary (Personal Property Law, § 33, subd. 2), but plaintiff’s complaint does not aver that it was a modification. Accordingly, it may not be held as a matter of pleading that consideration was unnecessary. In addition, the nature of the agreement itself, in light of the facts alleged, including- plaintiff’s illness resulting- in his inability to work prior to the critical date of January 2, 1956, is such that it may not be said that the construction thereof, espoused by the defendants, is the only one that may be given. (Chiapparelli v. Baker, Kellogg & Co., 252 N. Y. 192, 200.) Accordingly, defendants’ motion for judgment on the pleadings is denied.
The defendant Jack Vernon’s alternative motion is disposed of as follows: Items 6 to 14 and 23 to 26 inclusive of the notice to examine said defendant before trial are deleted. They relate to assets claimed to have been diverted by the moving defendant *781 and the issues concerning them bear only upon the extent of the relief to which plaintiff may be entitled, if he is successful in this action. Under these circumstances, before plaintiff may examine before trial with reference to these matters, he must first establish that he is entitled to the stock interest under the oral agreement claimed to have been made in 1946. Items 20 to 22 are likewise deleted, except for the first clause of item 20 ending with the word “work” on the second line thereof. These embrace negotiations for an alleged settlement which are not properly the subject of an examination before trial. The books and records requested will be produced and used in accordance with section 296 of the Civil Practice Act insofar as they are material and relevant to the items allowed.
Inasmuch as the defendant Jack Vernon is presently on an extensive motor trip outside this jurisdiction and will not return until the latter part of March and the cause has not yet been placed upon the calendar, the examination of said defendant will take place in the examination room of this court on the 29th day of March, 1956 at 10:00 a.m. and continue until completed unless otherwise agreed by the parties, and the defendant’s time to serve his' bill of particulars is extended to the same date, to wit, March 29, 1956.
Settle order on notice.