■ BERNARD VERNON, Respondent, v. JACK VERNON, Appellant, et al., Defendants. — Action to recover under an oral agreement to give shares of stock, to set aside a subsequent written agreement covering the same subject matter, and for other relief. The appeal is from so much of an order as denies appellant's motion for judgment on the pleadings. Order, insofar as appeal is taken, reversed, with $10 costs and disbursements, and motion granted. The complaint alleges that in 1946 an oral agreement was made under which appellant, the father of the respondent, would give him 25% of the shares of stock of the defendant J. & V. Iron Works, Inc., all of which

shares were owned by appellant, and that appellant would nevertheless continue to hold the shares. In April, 1955 the parties signed and duly acknowledged a detailed written agreement providing for the delivery on January 2, 1956 of certain shares of stock in both defendant corporations to the respondent if he remain in the employ of the defendant iron works until that date. The complaint seeks to annul and void the written agreement on the grounds of duress, lack of consideration, indefiniteness, lack of mutuality of obligation, illusory terms, and that it constituted a penalty and forfeiture contrary to public policy. No facts are alleged sufficient to show the existence of any of these grounds except the ground of lack of consideration. As to that ground, the allegations are sufficient to show that respondent claims that inasmuch as he was entitled to receive shares of stock under the oral agreement, the promise under the written agreement to give shares of stock is a promise which the promissor was already legally bound to perform (*Schwartzreich* v. *Bauman-Basch,* 231 N. Y. 196, 202) and that the written agreement therefore is void for lack of consideration. The written agreement is properly before the court. It is expressly made part of the complaint by reference; a copy of the agreement is annexed to the answer, and respondent's bill of particulars concedes that that is a true copy. No consideration is necessary to establish the validity of the written agreement which conclusively appears as a change, modification, or discharge in whole or in part of the oral agreement (Personal Property Law, § 33, subd. 2). No triable issue is presented. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [4 Misc 2d 776.]