Henry A. Hudson, J.
This is a motion under rule 112 of the Rules of Civil Practice for judgment on the pleadings. Rule 112 must he read in conjunction with sections 243 and 476 of the Civil Practice Act. A dismissal of the complaint is sought on the ground that it fails to state facts sufficient to constitute a cause of action and that the contract upon which the action is founded is not enforcible under the Statute of Frauds.
The cause of action set forth in the complaint is one for breach of an oral agreement to devise real property and for specific performance thereof. Full performance on the part of plaintiff is alleged and limited performance on the part of promisor, including the devise of the real property, subject matter of the oral agreement.
The complaint and bill of particulars set forth the contention of the plaintiff as follows:
*652 The agreement was entered into between Mabel H. G. Craig and Robert Francis David Adsit, at the home of Mrs. Craig in the summer of 1948. It provided that in consideration of plaintiff’s rendering personal services of a business and social nature to Mrs. Craig, including help, care and companionship, she on her part, would make a will leaving to plaintiff certain real property located at 161 Orchard Road consisting of a house, garage and lot, being the home of Mrs. Craig and more specifically described as Lots 22 and 24, Block 11, Prospect Drive Tract, Solvay, New York, free and clear of all encumbrances. Mabel H. Gr. Craig died on October 22, 1955. She left a will which has been admitted to probate by the Surrogate’s Court of Onondaga County. The will was dated April 27, 1950 and was made pursuant to the oral agreement between the parties. By its terms it gave, devised and bequeathed the aforesaid real property to the plaintiff. The duly qualified executor, First Trust & Deposit Company, defendant herein construes' the will as devising only Lot 24, Block 11, Prospect Drive Tract to plaintiff and has refused to turn over to plaintiff possession of Lot 22, Block 11, Prospect Drive Tract, although duly demanded. In violation of said alleged agreement between Mabel H. Gr. Craig and Robert Francis David Adsit, the former, on or about July 25, 1955 secretly and without the consent of plaintiff, made and executed a mortgage to the Syracuse Savings Bank in the amount of $6,500, thus encumbering the property in question. At the time of her death Mabel H. G. Craig was possessed of an estate consisting of both real and personal property of the reasonable value of $50,000. By reason of the agreement between Mabel H. G. Craig and the plaintiff, plaintiff is entitled to receive the property free and clear of all encumbrances and has no adequate remedy at law.
The defendant has filed an answer admitting in part and denying in part the allegations of the complaint and setting up the affirmative defense of payment; complete failure of consideration; that the performance of the alleged agreement was not to be completed before the end of a lifetime and that neither the agreement nor any note or memorandum thereof was ever made in writing or subscribed by the decedent or her lawful agent, and, therefore, was void under the Statute of Frauds. The answer further sets forth that under the will of Mabel H. G. Craig, deceased, the real property devised to plaintiff and which passed to him as a devisee, was subject to a certain mortgage executed by Mabel H. G. Craig to the Syracuse Savings Bank and the plaintiff as such devisee is legally obligated *653 to satisfy and discharge this mortgage out of his own property without resorting* to defendant as executor of the will. The answer further sets forth that as to the construction of the will of Mabel H. G-. Craig, the Surrogate’s Court of Onondaga County, which admitted the will to probate, and in which all other matters pertaining to the estate are pending, has full and complete jurisdiction of the subject matter and also of the person of the defendant executor and accordingly has full power and authority to entertain and enforce any alleged claims with reference to the estate as a result of which this court should refuse to entertain the action. That plaintiff has a full, complete and adequate remedy at law by means of an action to recover any damages alleged to have been sustained by him by reason of the alleged breach of contract and therefore is not entitled to the equitable relief prayed for.
In a motion of this nature by the defendant it is well-settled law that all factual allegations of the attacked pleading must be deemed to be true. (Green v. Doniger, 300 N. Y. 238, 241.) In Dyer v. Broadway Central Bank (252 N. Y. 430) it was stated at pages 432-433 A6 If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.” It must also be conceded that on a motion by defendant for judgment on the pleadings, the defenses in his answer may not properly be considered; the motion being treated solely as one attacking the legal sufficiency of the complaint. (Staten Is. Edison Corp. v. Maltbie, 270 App. Div. 55, 58, affd. 296 N. Y. 374; Lipkind v. Ward, 256 App. Div. 74, 75; Sweet v. Hollearn, 141 Misc. 135.)
The defendant, in his motion papers, has set up the Statute of Fraud as a basis for granting judgment. Since the complaint has alleged performance by both parties to the agreement, the Statute of Frauds cannot be considered a bar on the present motion which attacks only the sufficiency of the complaint on its face and in such a motion any defenses contained in the answer are considered as controverted under section 243 of the Civil Practice Act. (Tripp, Guide to Motion Practice, pp. 272, 273, § 93, par. 2; Blessington v. McCrory Stores, 195 Misc. 710; Ryder v. Pyrke, 130 Misc. 505; Feldman v. Kings Highway Sav. Bank, 102 N. Y. S. 2d 600, 603, revd. 278 App. Div. 589.) In Owens v. Owens (138 N. Y. S. 2d 475) a case in which the facts involved were quite similar to those here under consideration, the court refused to grant relief under rule 112 of the Rules of Civil Practice on the ground that in the exercise of its discretion it would not grant such relief
*654 on motion, as the issues should be resolved after a trial. On appeal, the Appellate Division affirmed in a memorandum opinion (1 A D 2d 844) and stated: “ Although we express no disagreement with the disposition of the motion at Special Term, insofar as it involved the defense of res judicata, pleaded in appellant’s answer, we call attention to the fact that the motion to dismiss, having been made on the pleadings, could not have been granted in any event, on the basis of the allegations contained in that defense which are deemed controverted by traverse or avoidance as the case requires. (Civ. Prac. Act, § 243; Gracie Square Realty Corp. v. Choice Realty Corp. 305 N. Y. 271, 278; Lipkind v. Ward, 256 App. Div. 74, 75.) The defense asserting the Statute of Frauds was properly before the court on the motion by reason of the admission in respondent’s bill of particulars that the contract alleged in the complaint was oral. The motion was properly denied, despite that defense, for the reasons stated at Special Term.” The Statute of Frauds must be pleaded in order for defendant to avail himself of it on a trial.
The court is not concerned upon a motion such as this with the merits of the litigation or with the possibility that the proof at the trial may fall short of establishing as facts what are now mere allegations in the complaint. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458; Lefler v. Clark, 247 App. Div. 402, 404; Vernon v. Vernon, 4 Misc 2d 776; Guarino v. Guarino, 3 A D 2d 889.) The question is not whether in a given case a plaintiff can produce facts tending to obviate the objections but whether he should not at least be given an opportunity of doing so. I believe such an opportunity should be available. (Piccione v. Schultz, 198 Misc. 876; Matter of Klausner, 192 Misc. 790; McCormack v. Halstead, 132 Misc. 916.) The Statute of Frauds bars the remedy, not the right. (Bayles v. Strong, 104 App. Div. 153, affd. 185 N. Y. 582.)
As pleaded, it must be held that the defenses set forth, state facts which if established will defeat plaintiff’s cause of action unless overcome by proof of performance of the quality sufficient to take the transaction out of the Statute of Frauds. The court, however, on a motion, is in no position to pass upon that issue as it can only be determined at the trial of the action dependent upon the proof to be adduced there. (Guarino v. Guarino, supra; Hammond v. Hammond, 264 App. Div. 322; Jacobsen v. Jacobsen, 268 App. Div. 770; Katzman v. Ætna Life Ins. Co., 309 N. Y. 197, 205.)
In my opinion the complaint alleges a cause of action and the plaintiff should be allowed his day in court to show, if he *655 can, by competent proof whether there was such an agreement, the circumstances surrounding it and whether or not the evidence of performance is of a quality sufficient to take the transaction out of the Statute of Frauds. The motion is, therefore, denied, with $10 costs.