Michael Catalano, J.
This is a motion under rule 112 of the Buies of Civil Practice for judgment on the pleadings, made by the defendant, who contends that the complaint does not state facts sufficient to constitute a cause of action, and that the contract upon which it is founded is not enforcible under the Statute of Frauds.
The complaint alleges, in effect, that the defendant owns and operates “ a business for the sale of wine and liquor at retail known as ‘ Seider’s Liquors ’ at 13 Hamburg Shopping Center, Hamburg, New York; ” that the defendant is the assignee of a written lease to said premises, expiring April 1, 1956 and renewable for five years; that on July 11, 1955, the plaintiffs and the defendant entered into an oral agreement wherein the plaintiffs agreed to buy said business from the defendant, and the defendant agreed to sell said business to the plaintiffs, including good will, fixtures and an assignment of the lease, for $20,000, payable $2,000 down, balance *970 on closing, merchandise inventory at cost to the defendant payable at closing; that in part payment and as earnest money, the plaintiffs paid to the defendant $2,000 which the defendant accepted; that on July 26, 1955, the defendant returned said $2,000 to the plaintiffs, repudiated and still repudiates said agreement; that the plaintiffs are ready, willing and able to perform their part of said agreement; that the defendant has breached said agreement, to the plaintiffs’ damage in the sum of $25,000.
The plaintiffs’ bill of particulars enumerates the items of damages totaling $25,000 and also attaches copies of two letters, both dated July 26, 1955. The first letter is addressed to the plaintiffs’ attorneys by the defendant’s attorney and states: “Pursuant to instructions received by our client, Mr. John C. Seider, we are returning unsigned the proposed agreement for the sale of the business known as ‘ Seider’s Liquors,’ No. 13 Hamburg Shopping Center, New York. We are also enclosing our Trust Account check to the order of your clients in the amount of Two Thousand Dollars ($2,000.00) in refund of the monies deposited with this firm, which funds are likewise returned pursuant to our client’s instructions.” (Emphasis supplied.)
The second letter is addressed to the defendant by the plaintiffs’ attorneys and states, in part:
“We received a letter from your attorneys today . . . containing the writing embodying the agreement made between you and our clients . . . together with their trust check in the amount of $2,000.00, explaining that you instructed them to return these items.” (Emphasis supplied.)
“ We feel that you and Mr. and Mrs. Herrmann have made a legal contract, and. as gentlemen, should honor their given 'word. If you should declare that you do not intend to keep your part of the bargain, then you will have committed a breach of contract”. (Emphasis supplied.)
The answer, in effect, contains a general denial and and an affirmative defense of the Statute of Frauds.
The court is called upon, in this motion, to take all facts as alleged in the complaint, as supplemented by the bill of particulars, as admitted, resolving all legitimate inferences in favor of the pleading to determine if a cause of action is stated. (Hearn v. Leary, 125 Misc. 446, 447, affd. 215 App. Div. 735; see, also, Adsit v. First Trust & Deposit Co., 7 Misc 2d 651; Gardner v. Shepard Niles Crane & Hoist Corp., 268 App. Div. 561, 563, affd. 296 N. Y. 539.) It is necessary to find whether or not the bill of particulars affects the complaint adversely *971 so as to make deficient an otherwise sufficient pleading. (Cohen v. Erdle, 282 App. Div. 569, 570.)
The plaintiffs’ counsel argued in open court that the defendant is deemed to admit a contract exists merely because the word ‘ ‘ agreement ’ ’ was used in the complaint. Such is not the law; the plaintiffs cannot rely upon a mere admission of this type, but must show by allegations that a contract exists. (Machinery Utilities Co. v. Fry, 224 App. Div. 392.)
Nevertheless, if it should appear that a proposition for a contract had been made by one party and accepted by the other; that the terms of this contract were understood and agreed upon, and that a part of the mutual understanding was that a written contract embodying these terms should be drawn and executed by the parties, they are nonetheless bound thereby. (Sanders v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209, 214; 1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63, 68.) If the parties did not intend to be bound until a written agreement had been signed and delivered, then, of course, they are not bound until such be done. (Schwartz v. Greenberg, 304 N. Y. 250, 254.) Certainly, conversations, if any, between the parties at the time the agreement was consummated would be competent evidence to explain the true role of the writings involved. (Perlman v. Israel & Sons Co., 306 N. Y. 254, 256; Brauer v. Oceanic Steam Nav. Co., 178 N. Y. 339, 343.) Where one party refuses to sign a proposed contract until his lawyer has looked it over, a failure to sign coupled with a destruction of the paper results in no contract. (Farago v. Burke, 262 N. Y. 229, 230-231.)
Here, the complaint alleges a cause of action. Although no time for closing is provided for in the purchase of the business, the law will infer that a reasonable time was intended. (See, Personal Property Law, § 124; Pope v. Terre Haute Car & Mfg. Co., 107 N. Y. 61, 65.) The questions involving the liquor license required to run the business (Alcoholic Beverage Control Law, § 63) and the assignment of a written lease having less than one year to run with an option to renew for five years (Real Property Law, § 259) may not be entertained on this motion. The Statute of Frauds affects only the proof of the contract to lease realty by a certain writing, but does not render the contract itself illegal; in short, the Statute of Frauds is a rule of evidence. (Bayles v. Strong, 104 App. Div. 153, 156, affd. 185 N. Y. 582; Wikiosco, Inc. v. Proller, 276 App. Div. 239, 240.) The payment of $2,000 that was accepted as a down payment and earnest payment by the defendant takes this case out of the operation of section 85 of the Personal *972 Property Law. (See, also, De Waal v. Jamison, 176 App. Div. 756, 758, affd. 226 N. Y. 644.) The subsequent return of this money by a check of defendant’s attorney was promptly protested on the same day by the plaintiffs. The Bulk Sales Act does not apply to this contract because no creditor of the seller is presently affected; the only questions here involve the parties to the contract inter sese. (Personal Property Law, § 44; see, Merchants Refrigerating Co. v. Titman Corp., 20 N. Y. S. 2d 280, 284, affd. 260 App. Div. 919, affd. 285 N. Y. 663.)
The defendant contends that his refusal to sign the “proposed agreement ” defeats the plaintiffs’ cause of action. This proposition is met adequately by the plaintiffs’ argument that this writing merely embodied the agreement already entered into between the parties and as such was binding upon the parties. It follows that the cause of action alleged in the complaint, as supplemented by the bill of particulars, is adequate.
The affirmative defense in the answer is deemed controverted by statute (Civ. Prac. Act, § 243) and so is not available now.
Any and all questions of proof to establish the alleged cause of action are relegated to the time of the trial of the issues.
Motion denied. Prepare and submit order accordingly.